# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TODD EVANS, | Case No.: 3:18-cv-00283-RCJ-WGC |
| Plaintiff | **Order** |
| v. | Re: ECF No. 3 |
| JAMES DZURENDA, et. al., | |
| Defendants | |

Plaintiff is incarcerated within the Nevada Department of Corrections (NDOC), and is housed at Northern Nevada Correctional Center (NNCC). He filed an application for leave to proceed in forma pauperis for a prisoner and proposed pro se civil rights complaint. (ECF Nos. 1, 1-1.) He subsequently filed a motion for appointment of guardian ad litem. (ECF No. 3.)

In his complaint, Plaintiff alleges that prison officials have a policy of delaying and denying treatment under Medical Directive 219, which pertains to treatment of prisoners with hepatitis C. Plaintiff has hepatitis C and claims he has been denied treatment, including new drug therapy, which has made his condition uncontrolled and caused him to develop multiple medical issues including infection. He also alleges a delay in treatment for 17 months for severe issues with his spine, including an MRI and surgery. As a result, he alleges he has suffered in pain and has nerve damage. He also claims he was denied medication after his surgery as punishment for filing medical grievances.

Plaintiff's complaint must be screened under 28 U.S.C. § 1915A. The court has undertaken a preliminary review of Plaintiff's complaint. It is likely that the complaint will be

dismissed with leave to amend. In light of Plaintiff's filing of a motion for appointment of a guardian ad litem, the court will defer screening at this time.

In his motion for appointment of a guardian ad litem, drafted by inmate preparer Roger Hull, Plaintiff states that he commenced this action on June 14, 2018, and since that time his health has deteriorated. Specifically, he states that he is unable to write due to neurological damage affecting his eyesight, concentration, and motor skills. In addition, he is currently in a wheel chair. On September 28, 2018, he was diagnosed with a lesion in his brain and plans were being made to remove it. He was advised by medical staff he may not survive the surgery and there was no guarantee the surgery would be successful. Plaintiff is in a segregated unit without access to another inmate to assist him, and he does not have the ability to confer with the law library inmate who drafted this motion on a regular basis.

Under Federal Rule of Civil Procedure 17(c), a "court must appoint a guardian ad litem-or issue another appropriate order-to protect a minor or incompetent person who is unrepresented in an action." The preliminary step in addressing a motion for appointment of guardian ad litem is to have a hearing to determine whether there is a "substantial question" regarding the movant's mental competence. *See Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017) (citing *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005)). If there is a substantial question as to competency, the court will proceed with a competency hearing. *Id*. If the movant is determined incompetent a guardian ad litem is required, or the court can fashion some other order to protect the litigant's interests (i.e., appointment of counsel). *See Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014).

In light of Plaintiff's claims that he has been diagnosed with a brain lesion that has affected his ability to write, as well as his eyesight, concentration and motor skills, and because

2

the court has not been informed whether Plaintiff has undergone surgery for the brain lesion and his current condition, the court will set a hearing to determine whether there is a substantial question regarding Plaintiff's mental competence.

In advance of the hearing, Plaintiff may file any documentation that he contends supports his claim of incompetence or inability to represent himself in this litigation.

The Attorney General's Office is ordered to enter a limited notice of appearance for the purpose of addressing Plaintiff's current mental competence and medical condition at the hearing. The Attorney General's Office is also ordered to file under seal any medical or mental health records pertinent to Plaintiff's current competence level and medical status.

## **CONCLUSION**

A decision on the application to proceed in forma pauperis and screening of the complaint (ECF Nos. 1, 1-1) are **DEFERRED**.

The court will enter a separate order setting the telephonic hearing addressing whether there is a substantial question regarding Plaintiff's mental competence. Plaintiff may file any documentation he has to support his claim of incompetence or inability to litigate this matter representing himself **AT LEAST THREE DAYS BEFORE THE HEARING**.

The Clerk must electronically **SERVE** a copy of this Order on the Office of the Attorney General of the State of Nevada, by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

Within **TEN DAYS** of the date of this Order, the Attorney General's Office must enter a limited notice of appearance for the purpose of appearing for a telephonic hearing addressing whether there is a substantial question as to Plaintiff's competency and ability to proceed pro se

with this litigation. No defenses or objections, including lack of service, will be waived as a result of the filing of the limited notice of appearance.

**AT LEAST THREE DAYS BEFORE THE HEARING**, the Attorney General's Office must file under seal any mental health records, medical or other records that are relevant to Plaintiff's mental health, competence or current medical status.

**IT IS SO ORDERED**.

Dated: April 11, 2019

_____
William G. Cobb
United States Magistrate Judge