# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| TODD EVANS, | ) | 3:18-cv-00283-RCJ-WGC |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | Re: ECF No. 17 |
| | ) | |
| DZURENDA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is Plaintiff's "Motion for Court Order Medical Records" (ECF No. 17). No response was received by the court from the Defendants.

The court's minutes of proceedings of its hearing on May 24, 2019, reflect the court directed that "Plaintiff must be given possession of the relevant records, including medical *and* mental health records, until disposition of the motion for appointment of a guardian ad litem." (ECF No. 14 at 3; emphasis in the original.) Plaintiff's inmate law clerk assistant, Mr. Hull, was also allowed by the court to review Plaintiff's records with Plaintiff.

Due to the unique circumstances of the case, the court also ordered that, for the purposes of the guardian ad litem motion and only in this case, Plaintiff would be allowed to "possess his medical and mental health records in his cell . . . ." (*Id.*)[1]

According to Plaintiff's motion (ECF No. 17, which, as noted above, no response was filed), Plaintiff has not apparently been provided the access to his records as was contemplated by the court's order in ECF No. 14. Additionally, it appears Mr. Hull was similarly not provided access to Plaintiff's

---

[1] This aspect of the court's order was stayed until Tuesday, May 28, 2019, to enable the Attorney General to object to the order. (*Id.*) No objection was filed.

records. (*See, e.g.*, ECF No. 17 at 6.)

Plaintiff's motion (ECF No. 17) is **GRANTED IN PART**. The Office of the Attorney General is directed to ensure NDOC's compliance with this court's order as set forth in ECF No. 14 at 3. The Office of the Attorney General shall file a Notice of Compliance with this directive on or before **July 15, 2019**. The Notice shall address Plaintiff's access to his medical and mental health records as per the court's order of May 24, 2019. (ECF No. 14 at 3.)

The court denies without prejudice the component of Plaintiff's motion (ECF No. 17) which requests this court order an "independent review of medical I-file and mental health I-file for outside specialist not associated with the Nevada Department of Prisons and without the Attorney General Influence over Doctors." (*Id.* at 2, 4.) It is premature to undertake such review.

The court's minutes of proceedings also set forth certain deadlines. The medical and mental evaluations were to be filed on or before July 8, 2019. Defendants filed their response on July 8, 2019. (*See* ECF Nos. 18, 19 and 20.) Plaintiff was given ten (10) days after being served with Defendants' memorandum to file and serve his response. Because Plaintiff's motion (ECF No. 17) indicates Plaintiff was apparently not provided the access to his records the court contemplated, the court extends the deadline for Plaintiff to respond to Defendants' filings (ECF Nos. 18, 19 and 20) to **July 31, 2019**. If Plaintiff's response includes any medical or mental health records, they should be filed under seal.

**IT IS SO ORDERED.**

DATED: July 10, 2019.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

2