# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHEAL LEON WILLIAMS,<br><br>    Plaintiff,<br>v.<br><br>DR. MARKS, et al.,<br><br>    Defendants. | CASE NO. 3:17-cv-00355-MMD-WGC |
| CARLOS RUIZ,<br><br>    Plaintiff,<br>v.<br><br>NEVADA DEPT. OF CORR., et al.,<br><br>    Defendants. | CASE NO. 3:17-cv-00643-RJC-WGC |
| VICTORIANO G. LOPEZ,<br><br>    Plaintiff,<br>v.<br><br>NEVADA DEPT. OF CORR., et al.,<br><br>    Defendants. | CASE NO. 3:17-cv-00732-RJC-WGC |
| TODD EVANS,<br><br>    Plaintiff,<br>v.<br><br>JAMES DZURENDA, et al.,<br><br>    Defendants. | CASE NO. 3:18-cv-00283-RJC-WGC<br><br>**ORDER**<br><br>Re: Interpretation of AR 639.02(8) and AR 639.02(7)(c) regarding inmate possession of medical records and waiver of photocopy expense of medical records |

Before the court are motions inmates involved in civil rights litigation with the Nevada Department of Corrections (NDOC) and/or its employees submitted to possess copies of medical

records in their cell or on the yard. (*Williams v Marks, et al.*, 3:17-cv-00355-MMD-WGC ("*Williams*," ECF No. 45); *Ruiz v NDOC, et al.*, 3:17-cv-00643-RJC-WGC ("*Ruiz,*" ECF No. 31); *Lopez v NDOC, et al.*, 3:17-cv-00732-RJC-WGC ("*Lopez,*" ECF No. 37); and *Evans v Dzurenda, et al.*, 3:18-cv-00283-RJC-WGC ("*Evans*," ECF No. 15).)[1]

## I. Background

As explained in greater detail later in this Order, this court initially denied a related motion in *Williams* (ECF No. 49), where Plaintiff Williams was attempting to obtain possession of his at-issue medical records in his cell. However, this court later reversed itself. (*Williams*, ECF No. 76.) On January 20, 2020, the court further entered orders for briefing in several cases with similar inmate motions to possess their medical records in their cells. (*Evans*, ECF No. 29; *Williams*, ECF No. 98; *Ruiz*, ECF No. 54 and *Lopez*, ECF No. 54.) The court's orders for briefing identified two issues pertaining to NDOC Administrative Regulation (AR) 639:

> (1) whether an inmate who is personally involved in a civil rights lawsuit directly involving medical issues may have medical records relevant to the lawsuit's medical issues released directly to him [AR 639.02(8)], and
>
> (2) whether an inmate involved in such litigation, if indigent, will be provided copies of such relevant records [AR 639.02(7)(c)]. [2]

---

[1] The ECF numbers of the various motions, briefs and responses filed by the parties in the four cases are set forth in the Minutes of Proceedings of June 2, 2020 (see, e.g., *Evans* ECF 50). Travis Barrick, Esq., represents Plaintiffs Williams, Ruiz, and Lopez, and their briefs pursuant to the court's order for briefing are identical despite differing ECF numbers. Margaret A. McLetchie, Esq., and Alina M. Shell, Esq., represent Mr. Evans.

[2] The relevant sections of the March 2018 version of AR 639 (*Williams,* ECF No.109-6) provide in pertinent part:

> "7. Inmates are constitutionally entitled to free copy work. * * *
>
> C. Indigent inmates will be provided with copies.

2

Past versions of AR 639 (from 2010 through January, 2018) generally prohibited inmates from possessing copies of his or her medical records in their cell or yard. Once a year, however, inmates could request to review their medical files under a supervised visit by medical staff, barring "special circumstances as determined by the Medical Director." AR 639.03. Under a prior version of AR 639, inmates engaged in litigation directly involving their medical records could request additional supervised visits to access their files but were still barred from retaining copies or having their records released to them. (*See* AR 639; *Williams*, ECF No. 109-4, eff. 9/16/2014.)

In January of 2018, former NDOC Director James Dzurenda and Medical Director Romeo Aranas, M.D. "temporarily" revised AR 639 to include an exception allowing inmates engaged in litigation directly involving their medical issues to have the records "released directly to the inmate while incarcerated." (AR 639.02(8); *Williams*, ECF No. 109-5, eff. 1/11/2018.) The "temporary" label on the January 2018 version was removed when AR 639 was officially adopted two months later by Director Dzurenda and Dr. Aranas. (*Williams,* ECF No. 109-6, eff. 3/1/2018.) This section allowing an inmate to possess his medical records has been referred to as the "litigation exception" to the otherwise general rule prohibiting inmate possession of medical records. Language contained in the March AR is the operative version today. *Id.*

On June 3, 2020, the court held a hearing on these two issues in all four cases. (*Williams*, ECF No. 111; *Ruiz*, ECF No. 64; *Lopez*, ECF No. 64; and *Evans*, ECF No. 50.) The Court finds the plain reading of AR 639.02(8) allows inmates engaged in litigation directly involving medical issues to have their relevant medical records directly released to them (which would presumptively

---

8. copies of the health record shall not be released directly to the inmate while incarcerated. Exception to this release shall be made only when an inmate is personally involved in a lawsuit directly involving medical issues that would require the use of his/her medical records, as verified by the Office of the Attorney General."

3

allow the inmate to possess the records in his cell or on the yard). Additionally, the court concludes 629.07(2)(c) requires NDOC to provide indigent inmates copies of medical records relevant to the lawsuit's medical issues at NDOC expense. As such, this court grants all Plaintiffs' motions to receive copies of their medical records at NDOC expense.

## II. Motions Before the Court

Plaintiffs Michael Leon Williams, Carlos Ruiz, Victoriano G. Lopez, and Todd Evans (collectively, "Plaintiffs") are inmates currently in the custody of the NDOC who each filed 42 U.S.C. §1983 civil rights actions against various Defendants. Defendants are current and former employees of the NDOC (collectively, "Defendants"). In furtherance of their 42 U.S.C. §1983 actions, Plaintiffs filed motions with this Court to retain copies of their medical records in their cells pursuant to AR 639.02(8). Defendants opposed the motion, asserting Plaintiffs needed to show a compelling reason to possess the records and failed to do so. (*Williams*, ECF No. 45; *Ruiz*, ECF No.37; *Lopez*, ECF No. 41.) Relying on *Bell v. Wolfish,* 441 U.S. 520, 547 (1979), the court initially agreed with Defendants in the *Williams* action and held an inmate must show "extraordinary circumstances" to possess records in his or her cell. (*Williams*, ECF No. 49 at 3.)

The court later determined it erred by relying on prior version of AR 639.02(8); the court revisited the issue under the 2018 revised and current version, which as outlined above granted an exception to possess for prisoners engaged in litigation directly involving medical issues. (*Williams*, ECF No. 76.) Although the court later reversed itself and allowed Plaintiff Williams to have the records released to him, the court stayed its order allowing Mr. Williams to possess his medical records and directed the parties in the four cases to brief the issue of interpretation of

AR 639. (*Evans*, ECF No. 29; *Williams*, ECF No. 98; *Ruiz*, ECF No. 54; and *Lopez*, ECF No. 54.)[3]

## III. DISCUSSION

### A. ISSUE 1: Release of Medical Records Directly to the Inmate (AR 639.08(8))

The first issue is whether, pursuant to AR 639.02(8), an inmate who is personally engaged in a civil rights lawsuit directly involving medical issues may have his medical records released to him. When interpreting an agency regulation, the court must first determine if the regulation's language conveys a plain meaning, which governs the statutory construction if present. *Wards Cove Packing Corp. v. Nat'l Marine Fisheries Serv.*, 307 F.3d 1214, 1219 (9th Cir. 2002) (citing *Christensen v. Harris County*, 529 U.S. 576, 588 (2000)). If the court finds the regulation is ambiguous, the court will typically then consider and defer to an agency's own interpretation. *Id.*

AR 639.02(8) currently states the NDOC shall not release copies of an inmate's medical records while incarcerated, but an "[e]xception to this release *shall* be made," to inmates "personally involved in a lawsuit directly involving medical issues that would require the use of his/her medical records," (emphasis added). Relying on the Supreme Court decision in *Lopez v. Davis*, 531 U.S. 230, 241 (2001), the Ninth Circuit Court of Appeals held "an agency's use of the word 'shall' indicates a mandatory duty that is not subject to discretion." *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 778 (9th Cir. 2006). Thus, a plain reading AR 639.02(8) clearly

---

[3] The court emphasized, however, that the order reconsidering the court's earlier decision was strictly based on the *litigation exception* of AR 639.02(8), which explicitly permits release of medical records to the inmate if the records are related to the inmate's litigation. The decision, however, was *not* predicated upon the terms of AR 639.03.1 which states an inmate is prohibited from possessing medical records "on their person, in their cell or on the yard *unless otherwise permitted by court order*," (emphasis added). Any order the court might enter under this subsection (i.e., 639.03.1) could very well require an inmate to demonstrate a compelling reason or extraordinary circumstance to overcome the NDOC medical records distribution prohibition.

imposes a mandatory obligation on NDOC to release medical record copies to inmates identified under the exception spelled out in the operative version of AR 639. (*Williams,* ECF No. 109-8.)

Defendants concede the current language of AR 639 arguably permits an exception for eligible inmates to possess copies of their medical records. (*Evans*, ECF No. 37 at 4.) Defendants assert, however, that inmate possession of medical records poses safety and security threats because it risks disclosure of the inmate's confidential health information to other prisoners. *Id.* at 7. To support their position, the Defendants provided a 2011 declaration of former NDOC Director Greg Cox, who identified several safety and security threats caused by an inmates' medical information being possessed outside "NDOC Medical." (*Williams*, ECF Nos. 76 & 89.) Harold Wickham, NDOC's current Deputy Director of Operations, also submitted a 2020 declaration corroborating the risks Cox attested to. (*Williams*, ECF No. 104-3.)

In *Bell v. Wolfish*, 441 U.S. 520, 547 (1979), the Supreme Court held a court must accord substantial deference to prison administrators' discretion in the "adoption and execution of policies and practices that, in their judgment, are needed to preserve internal order and discipline and to maintain institutional security." Because inmate safety and security are within the NDOC's duty to protect, Defendants maintain Plaintiffs and other similarly situated inmates should not receive copies of their records, despite the current exception in AR 639 allowing such inmates to do so. (*Evans*, ECF No. 37 at 9.)

NDOC administrative regulations dating back to November 25, 2010, prohibited inmate possession of medical records. (*Williams*, ECF No. 109-1.) This policy was reaffirmed by an Administrative Regulation effective September 16, 2014. (*Williams,* ECF No. 109-4.) Unexplainably, on January 11, 2018, NDOC Director Dzurenda and Medical Director Aranas approved a revision to AR 639 which adopted the "litigation exception." (*Williams*, at ECF No.

109-5.)  Two months later, Director Dzurenda and Dr. Aranas approved the current version of AR 639 which continued to allow inmate possession of medical records. (*Williams*, ECF No. 109-6; March 1, 2018.)  Defendants' counsel were unable to explain the marked change in position by NDOC when the 2018 versions were adopted.  For whatever reason, the alleged risks and dangers of inmate possession of medical records which former Director Cox identified were discounted and in fact ignored.  Thus, the NDOC itself adopted the very process or procedure it now claims endanger inmates (Dzurenda, declaration; *Williams*, ECF No. 104-3).

Interestingly, in May 2019, this court granted plaintiff Evans authorization to possess copies of his record pursuant to the authority of the court under AR 639.03(1) (*Evans*, ECF No. 14).  The court stayed execution of its order, however, to allow the Office of the Attorney General to object to this court's decision; they did not do so.  Subsequent to the entry of that order, the NDOC could not identify a single adverse inmate incident arising from Evan's possession of his medical records in the year since.  In fact, Defendants have presented no specific evidence of actual harm resulting from *any* inmate's possession of medical records.  Because the NDOC itself created the "litigation exception," and because Defendants have not demonstrated any incidents of inmate endangerment, the Court finds it cannot defer to NDOC's argument against inmate possession of records in light of the explicit authorization of AR 639.02(8).

Defendants further submit that AR 639's former policy, which only permitted litigating inmates to have additional supervised visits to their medical files, provides sufficient access for inmates to litigate their claims, and thus the current policy is "unnecessary." (*Williams*, ECF No. 104 at 2-3.)  However, based on the current version of AR 639, NDOC's obligation to provide inmates copies of medical records does not turn on whether an inmate's possession is "necessary" to prosecute his or her case, but only whether an inmate is "directly involved" in medical litigation

which requires use of their medical records. Because the plain reading of the regulation requires NDOC to provide copies to inmates under such circumstances, the "necessity" of an inmate's possession, or lack thereof, is immaterial to the inquiry.

Defendants also explained NDOC is "currently" revising AR 639 to eliminate the litigation exception provided to inmates involved in medical litigation, and thus maintain the issue is imminently moot. (*Williams*, ECF No. 104 at 10.) Although Defendants assert AR 639 is supposedly being revised, in any event, Article III of the U.S. Constitution prohibits federal courts from rendering advisory opinions. *O'Bremski v. Maass*, 915 F.2d 418, 423 (9th Cir. 1990); *cf Texas v. United States*, 523 U.S. 296, 300 (1998). Defendants have assured the court of the implementation of this revision for more than a year but could not commit to any immediate future adoption of the purported revision. (S*ee*, e.g., *Williams*, ECF No. 111). Defendants also did not provide a copy to the court showing what the proposed revision would entail. *Id.* While it is possible NDOC might alter its regulation to withdraw the exception in the future, it is not before this court today what may or may not occur with AR 639.[4]

The plain meaning of AR 639.02(8) as it currently stands grants inmates engaged in litigation directly involving medical records to possess relevant copies of the records.

**B. ISSUE 2: Cost of Duplicating Records For Indigent Inmates (AR 639.02(7)(c))**

The next issue is whether an inmate involved in such litigation, if indigent, will be provided copies of such relevant records at NDOC expense. It is uncontested by the parties that the plain

---

[4] Defendants' argument that revising an Administrative Regulation is supposedly a complex process is belied by the fact that less than two months after adoption of the January 2018 version of AR 639( 1/11/2018) that NDOC amended AR 639 again (3/1/2018). Additionally, it is logical to assume that if NDOC now deems an inmate's possession of his medical records to be a security risk, the revision would, presumably, just entail an elimination of the "litigation exception."

language of AR 639.02(7)(c) provides indigent inmates involved in litigation directly involving their medical records with copies of relevant medical records free of charge at NDOC expense. The Office of the Attorney General did not contest the interpretation of the section which provides indigent inmates copies of medical records at NDOC expense. (*Evans*, ECF No. 50 at 3). As the Plaintiffs in these actions were all granted *in forma* pauperis status, each is deemed indigent and thus entitled to pertinent medical records at NDOC expense.

### IV. CONCLUSION

The court's interpretation of AR 639.02(8) is that the plain language of the Regulation allows inmates personally involved in litigation directly involving their medical records to possess relevant copies "as verified by the Attorney General."[5] Furthermore, this court interprets AR 639.02(7)(c) to provide an indigent inmate involved in such litigation with copies of relevant records at NDOC expense.

The court thus grants the following motions: *Williams v. Marks* Motion to Obtain Medical Records (ECF No. 45); *Ruiz. v. NDOC, et al.* Motion to Obtain Medical Records (ECF No. 31); *Lopez v. NDOC, et al.* Motion to Obtain Medical Records (ECF No. 37) and *Evans v. Dzurenda* Motion for Court to Order Medical Records (ECF No. 17).

**IT IS SO ORDERED.**

DATED: June 15, 2020.

William G. Cobb
United States Magistrate Judge

---

[5] The interpretation of the Attorney General's role in "verifying" the relevance of the records to the actions was not litigated by the parties. However, it would appear to the court that this section of the regulation places the Office of the Attorney General in an untenable situation and possibly a conflict of interest.