UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TODD EVANS,<br><br>    Plaintiff<br><br>v.<br><br>JAMES DZURENDA, et al.,<br><br>    Defendants | Case No.: 3:18-cv-00283-RCJ-CSD<br><br>**Order**<br><br>Re: ECF No. 89, 90 |

Before the court is Plaintiff's motion for production of documents, which the court construes as a motion to compel the production of documents. (ECF No. 89.) Defendants filed a response. (ECF No. 93.) Plaintiff did not file a reply brief.

Plaintiff has also filed a motion requesting subpoenas and proposed subpoenas. (ECF Nos. 90, 98.) No response has been filed to that motion.

For the reasons stated herein, Plaintiff's motions are denied without prejudice.

## I. BACKGROUND

In light of Plaintiff's various serious health conditions that were affecting his vision, hands and arms, as well as his mental health, the court referred this matter to the court's pro bono program for the appointment of attorney to represent Plaintiff for the limited purpose of assisting him through screening and the early mediation stage of this case. (ECF No. 25.)

Margaret McLetchie, Esq., appeared on Plaintiff's behalf and filed an amended complaint. (ECF Nos. 28, 60.) The court screened the amended complaint and allowed Plaintiff to proceed with an Eighth Amendment deliberate indifference to serious medical needs claim against Dzurenda, Dr. Aranas, Dr. Mar and Dr. Johns related to his chronic hepatitis C. Plaintiff

alleges that Dzurenda and Dr. Aranas knew that Plaintiff had hepatitis C and that all patients with chronic hepatitis C benefit from treatment, but they unreasonably enforced policies and practices that denied Plaintiff treatment for his hepatitis C, resulting in his continuing to suffer damage and associated symptoms. Plaintiff avers that Dr. Mar and Dr. Johns knew the failure to treat Plaintiff's hepatitis C would result in further significant injury to Plaintiff, but they nevertheless denied him treatment for non-medical reasons. Plaintiff was also allowed to proceed with an Eighth Amendment claim against Dr. Mar and Dr. Johns based on allegations that they knew of and failed to timely treat a pituitary tumor and associated symptoms. (ECF No. 65.)

Ms. McLetchie withdrew as counsel because continued representation of Plaintiff would likely conflict with counsel's ongoing obligations as monitoring counsel under the Consent Decree entered in *In re: HCV Prison Litigation*, 3:19-cv-00577-MMD-CLB. (ECF Nos. 61, 62, 66.) Plaintiff is now proceeding pro se.

On January 6, 2022, Plaintiff filed this motion for production of documents. (ECF No. 89.) Plaintiff states that he served a request for production of documents on November 6, 2021, consisting of 99 categories. He then revised this as a second request for production of documents (containing 31 categories) on November 20, 2021.[1] Plaintiff states that he made a good faith effort to resolve the discovery dispute. He mentions a phone conference with Deputy Attorney General Rands, as well as four letters in November and December of 2021.

In their response, Defendants assert that many of Plaintiff's requests are for documents related to his spinal issues that are not proceeding in this matter. Defendants acknowledge that

---

[1] It is unclear whether the second set of requests supersedes the first, or if Plaintiff seeks to compel responses to both sets of requests.

Plaintiff sent defense counsel a letter that counsel received on January 5, 2022, but Plaintiff filed this motion the next day, and as such, there has not been an adequate effort to meet and confer. Mr. Rands states that he has set up a call with Plaintiff to discuss the issues raised in the latest correspondence, and therefore, the motion to compel is premature.

Plaintiff also filed a motion requesting the issuance of several subpoenas under Federal Rule of Civil Procedure 45 and Local Rule 26-1. He states that he seeks reports and imaging from Dr. Marshal Tolbert at Sierra Neurosurgery Group from 2017 to 2021. (ECF No. 90.) He subsequently filed proposed subpoenas to Carson Tahoe Imaging, Carson Tahoe Regional Medical Center, Dr. Tolbert at Sierra Neurosurgery Group, Dr. Michael Koehn, and Greg Martin, APRN. (ECF No. 98.)

## II. MOTION TO COMPEL

A party may obtain discovery regarding any nonprivileged matter than is relevant to any party's claim or defense. The discovery must be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The Federal Rules of Civil Procedure provide various mechanisms for a party to obtain discovery, including requests for the production of documents. *See* Fed. R. Civ. P. 34.

If a party who receives a request for production of documents fails to respond or provides responses that are evasive or incomplete, the party propounding the discovery may file a motion to compel the production of documents provided that the moving party certifies that he/she has in good faith conferred or attempted to confer with the other party in an effort to obtain the responses without court action. Fed. R. Civ. P. 37(a)(1), (a)(3)(B)(iv); LR 26-6(c).

To "meet and confer" "means to communicate directly and discuss in good faith the issues required under the particular rule or court order." For an incarcerated individual, this requirement may be satisfied through written communication. LR 1-3(f)(1). A party filing a

motion to compel must submit a declaration describing all meet-and-confer efforts, and must "certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention." LR IA 1-3(f)(2).

Plaintiff briefly mentions letters and a phone conversation with Mr. Rands, but he does not attach the letters or provide any discussion regarding what occurred during the meet-and-confer process. He does not identify which requests remain in dispute or what the remaining dispute is. As such, Plaintiff does not satisfy the requirements of Rule 37 or Local Rule 26-6, and Plaintiff's motion to compel is be denied without prejudice. The court will, however, require the parties to participate in a telephonic meet and confer conference within 10 days of the date of this Order. Within **14** days of the date of this Order, the parties shall file a joint status report, no longer than five pages, that identifies any remaining dispute(s) and sets forth the parties' respective positions.

In the interim, Mr. Rands shall ensure that Plaintiff has a reasonable opportunity to review his medical file for the *relevant* time period. Mr. Rands shall also ensure that Plaintiff is provided with copies of his *relevant* grievance documentation, medical kites, as well as *relevant* regulations, directives and procedures (that Plaintiff is permitted to possess in his cell) if they have not already been provided.[2]  Plaintiff is reminded that he is only entitled to discovery of documents that are *relevant* to the claims proceeding in this action, which relate to his hepatitis C and pituitary tumor.

---

[2] Plaintiff's relevant medical records, kites, grievances, regulations, directives and policies should comprise a fair number of the documents that are responsive to his requests for production.

### III. REQUEST FOR SUBPOENAS

Plaintiff seeks the issuance of several subpoenas, and asks for an order that the U.S. Marshal serve the proposed subpoenas for reports and imaging from various providers under 28 U.S.C. § 1915 and Rule 45.

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas.

28 U.S.C. § 1915(d) provides that "officers of the court shall issue and serve *all process*" in cases where a party is proceeding *in forma pauperis* (IFP). The Ninth Circuit has implicitly held that "all process" applies to the service of a subpoena under Rule 45. *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989); *Dixon v. Ylst*, 990 F.2d 479, 480 (9th Cir. 1983). That provision, however, does not waive the payment of any applicable fees or expenses for witnesses. *Dixon*, 990 F.2d at 480 (citation omitted). District courts within the Ninth Circuit, to the extent written orders have been issued, generally concur that 28 U.S.C. § 1915(d) allows service of a subpoena by the U.S. Marshal for an inmate plaintiff proceeding IFP, but this is subject to certain limitations, including relevance of the information sought and the burden and expense to the non-party. *See Williams v. Paramo,* No. 12CV113-BTM (RBB), 2017 WL 5001286, at *4 (S.D. Cal. Nov. 2, 2017); *Smith v. Rodriguez*, No. 2:13-cv-2192 JAM AC P, 2016 WL 1267846, at *4 (E.D. Cal. 2016), report and recommendation adopted at 2016 WL 7451555 (E.D. Cal. Dec. 27, 2016); *King v. Calderwood*, No. 2:13-cv-02080-GMN-PAL, 2015 WL 7428552, at * 2 (D. Nev. Nov. 20, 2015); *Johnson v. Cheryl*, No. 2:11-cv-00291-JCM-CWH, 2013 WL 129383, at *5 (D. Nev. Jan. 9, 2013); *Frazier v. Redding Police Dep't,* No. CIV S-11-1351 GGH P, 2012 WL 5868573, at *9 (E.D. Cal. Nov. 19, 2012).

It appears that Plaintiff seeks to subpoena both *imaging* and imaging *reports* from within NDOC and outside of NDOC, as he includes subpoenas to both outside providers and persons who are or were employed by NDOC (*i.e.*, Dr. Michael Koehn and APRN Greg Martin).

Mr. Rands told Plaintiff in Defendants' initial disclosures that for imaging that NDOC performed, the computer used to store radiology images crashed and imaging before 2020 was lost and is no longer available. For imaging done outside of NDOC, Defendants do not have those documents. (ECF No. 93-2 at 4.)

Mr. Rands has already advised Plaintiff that it does not have the actual *images* for imaging done prior to 2020. The relevant imaging *reports* for imaging done both within NDOC and outside of NDOC should be in Plaintiff's medical file, which Plaintiff can kite to review under Administrative Regulation (AR) 639.

The imaging *reports* should provide Plaintiff with sufficient information. With respect to the actual *images* that may be held by outside providers, Plaintiff does not state that he has experience in radiology and reading x-rays and MRIs. At this point, it does not appear that the burden and expense of non-parties producing the actual *images* is justified.

For these reasons, Plaintiff's motion for the issuance of subpoenas (ECF No. 90) is denied.

If, after Plaintiff has a chance to review his medical records, he maintains that there are *relevant* imaging *reports* that exist but are not contained within his medical file, he may file a renewed motion for the issuance of a subpoena(s) for those *reports* from non-parties under Rule 45. Plaintiff will be responsible for any costs in connection with the subpoena(s).

## IV. CONCLUSION

Plaintiff's motion to compel (ECF No. 89) is **DENIED WITHOUT PREJUDICE**. The parties shall participate in a telephonic meet and confer conference within **10 days** of the date of this Order. Within **14 days** of the date of this Order, the parties shall file a joint status report that identifies any remaining dispute(s) and sets forth the parties' respective positions.

Plaintiff's motion for the issuance of subpoenas (ECF No. 90) is **DENIED WITHOUT PREJUDICE**.

The court has concurrently issued an order extending the remaining scheduling order deadlines by 60 days.

**IT IS SO ORDERED**.

Dated: March 16, 2022

_____
Craig S. Denney
United States Magistrate Judge