UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TODD EVANS,<br><br>　　　Plaintiff<br><br>v.<br><br>JAMES DZURENDA, et al.,<br><br>　　　Defendants | Case No.: 3:18-cv-00283-RCJ-CSD<br><br>**Order**<br><br>Re: ECF Nos. 104, 105 |

　　Before the court are Plaintiff's motions seeking the appointment of expert witnesses. (ECF Nos. 104, 105.) Defendants oppose the motions. (ECF Nos. 109, 110.) Plaintiff replied. (ECF Nos. 114, 115.)

　　For the reasons set forth below, Plaintiff's motions are denied.

　　Plaintiff is an inmate incarcerated within the Nevada Department of Corrections (NDOC), and is proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. The court screened Plaintiff's amended complaint and allowed him to proceed with two Eighth Amendment deliberate indifference to serious medical needs claims: (1) against Dzurenda, Dr. Aranas, Dr. Mar, and Dr. Johns regarding the alleged failure to provide hepatitis C treatment with an antiviral drug; and (2) against Dr. Mar and Dr. Johns for allegedly delaying treatment and medication for a pituitary tumor. (ECF No. 65.)

　　"The *in forma pauperis* statute, 28 U.S.C. § 1915, does not provide for the appointment of expert witnesses to aid prisoners or other litigants." *Cepero v. Las Vegas Met. Police Dep't,* No. 2:11-cv-01421-JAD-NJK, 2019 WL 2616179, at *1 (D. Nev. June 26, 2019) (citations omitted). The court may, however, on its own, or on the motion of a party, appoint an expert

witness. Fed. R. Evid. 706(a). The expert "is entitled to reasonable compensation, as set by the court," and in a civil case such as this, is payable "by the parties in the proportion and at the time that the court directs —and the compensation is then charged like other costs." Fed. R. Evid. 706(c)(2); *see also McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated on other grounds sub nom., Helling v. McKinney*, 502 U.S. 902 (1992), *judgment reinstated,* 959 F.2d 853 (9th Cir. 1992), *aff'd*, 509 U.S. 25 (1993). Where, as here, one of the parties is indigent, the court may apportion all the costs to one side. *McKinney*, 924 F.3d at 1510-11. The purpose of a court-appointed expert under Rule 706 is to assist the trier of fact, not to serve as an advocate. *See Pedraza v. Jones,* 71 F.3d 194, 196 (5th Cir. 1995); *accord Boring v. Kazakiewcz,* 833 F.2d 468, 474 (3d Cir. 1987). The determination of whether to appoint an expert rests solely in the court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the court's need for a neutral, expert review. *See Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997).

      The appointment of experts in Eighth Amendment deliberate indifference cases is rare, and such requests should be granted sparingly, particularly given the large volume of cases in which indigent prisoners allege claims under the Eighth Amendment related to medical care, and the substantial expense defendants may have to bear if courts were to appointment experts in such cases. *See e.g. Hannah v. U.S.*, 523 F.3d 597 (5th Cir. 2008).

      Here, Plaintiff seeks the appointment of an expert to clarify and decipher medical records in Plaintiff's file regarding his hepatitis C infection, and another expert regarding Plaintiffs nervous system, including the pituitary and optical nerve.

      Plaintiff previously filed a motion seeking the appointment of an expert on the basis that he did not understand various aspects of his medical care and records, including abnormal

results, blood tests regarding hepatitis C, a CBC reading, and tumor markers. He requested the appointment of a hepatologist and endocrinologist to testify regarding the issues that are beyond his knowledge. (ECF No. 82.) The court denied Plaintiff's motion. (ECF No. 91.)

The court explained to Plaintiff that his Eighth Amendment claims required him to establish deliberate indifference on the part of the defendants, which consists of an objective and subjective inquiry. The court found that expert testimony was not necessary to establish the objective prong with respect to either of Plaintiff's claims. The objective inquiry looks at whether Plaintiff suffers from a sufficiently serious medical need, and this would be established, one way or the other, by Plaintiff's medical records. In addition, the court determined that expert testimony was not required for the subjective inquiry, which looks at each defendant's response to Plaintiff's medical needs. This is typically demonstrated by reference to the relevant medical records, kites and grievances. The court advised Plaintiff that the analysis of the subjective element of an Eighth Amendment claim differs from the objective inquiry required for medical malpractice cases which delve into reasonable standards of medical care. *Ledford*, 105 F.3d at 359 (upholding district court's decision not to appoint an expert witness at trial of inmate's deliberate indifference claims).Ultimately, the court found that Plaintiff was requesting the appointment of an expert not to aid the fact finder, but to assist Plaintiff in presenting his case, which falls outside the scope of appointment of an expert under Rule 706.

Plaintiff's present motions, like his prior motion, seek the appointment of expert witnesses, not to aid the fact finder, but to aid Plaintiff in presenting his case. Plaintiff was free to question his medical providers about the substance of his medical treatment records through both discovery and may examine them on these issues at trial. Plaintiff's motions once again fall outside the scope of appointment of an expert under Rule 706.

## CONCLUSION

Plaintiffs motions for the appointment of expert witnesses (ECF Nos. 104, 105) are **DENIED**.

**IT IS SO ORDERED**.

Dated: July 1, 2022

_____
Craig S. Denney
United States Magistrate Judge