AARON D. FORD
  Attorney General
DOUGLAS R. RANDS, Bar No. 3572
  Senior Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1150
E-mail: drands@ag.nv.gov

*Attorneys for Defendants*
*David Mar, and Marsha Johns*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TODD EVANS,

    Plaintiff,

v.

JAMES DZURENDA, et al.,

    Defendants.

Case No.  3:18-cv-00283-RCJ-CSD

**ORDER APPROVING**

**PROPOSED JOINT PRETRIAL ORDER**

Following pretrial proceedings in this case,

IT IS ORDERED:

I.     **NATURE OF ACTION AND CONTENTIONS OF THE PARTIES**

    A.     **NATURE OF ACTION**

This is a *pro se* prisoner civil rights action brought by Todd Evans, (Plaintiff), asserting claims arising under 42 U.S.C. § 1983. Plaintiff alleges an Eighth Amendment claim for deliberate indifference to serious medical needs.

Plaintiff sued multiple defendants for events that took place while he was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No. 1-1 at 2). He sued James Dzurenda, Romeo Aranas, Dr. Johns, and Dr. Mar. (Id. at 2-3.) Plaintiff alleged three counts.

This Court granted summary judgment to the Defendants, Aranas and Dzurenda. The Court allowed the other Eighth Amendment Counts to proceed against the remaining Defendants. Therefore, this matter is proceeding on Plaintiff's Count III, where he claims Defendants were deliberately

///

1 | indifferent to his medical condition. The Court held, in summary judgment, that Plaintiff could proceed
2 | only on his claims of deliberate indifference prior to the MRI in May of 2018. (ECF No. 145 at 2:28)

### B. CONTENTIONS OF THE PARTIES

#### 1. Plaintiff's Contentions

In his third cause of action, Plaintiff alleges he began suffering pain in his neck, head and back in 2017. (ECF No. 60 at 11). He alleges balance issues and falls. Plaintiff alleges that on or about July 7, 2017 he filed a grievance requesting medical care for these symptoms. The symptoms worsened and he continued to request medical care. (Id.) [handwritten: AMEND (MRI 9-25-18 Pituitary tumor DISCOVERED)] On or about May, 2018 he received an MRI which revealed a pituitary tumor. The tumor was removed in April, 2019. Plaintiff alleges the delay was due to the cost of the procedure. (Id.) He further alleges that Dr. John and Dr. Mar were aware of his condition and intentionally interfered with the treatment due to the cost of the treatment. He alleges the delay was medically unacceptable and made in conscious disregard of an excessive risk to his health. (Id.) The Court allowed him to proceed on a claim of violation of his Eighth Amendment rights. (ECF No. 65)

#### 2. Defendants' Contentions

Defendants contend that the evidence does not support Plaintiff's allegations. Defendants incorporate any Affirmative Defenses from the Answer as it pertains to Defendants. Defendants deny that Plaintiff's constitutional rights have been violated.

### C. RELIEF SOUGHT

Plaintiff seeks compensatory and punitive damages.

## II. STATEMENT OF JURISDICTION

This is a civil action commenced under 42 U.S.C. § 1983. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## III. UNCONTESTED FACTS ADMITTED BY THE PARTIES WHICH REQUIRE NO PROOF

1. Mr. Evans, in this matter has filed a Complaint alleging violations of his constitutional rights under the Eighth Amendment. (ECF No.60).

///

2. At all times relevant in the Complaint, Plaintiff was in lawful custody of the Nevada Department of Corrections ("NDOC") housed at Northern Nevada Correctional Center (NNCC) (ECF No. 60 at 3).

3. Defendant Marsha Johns was previously employed by the NDOC as a senior physician.

4. Defendant David Mar was previously employed by the NDOC as a senior physician.

5. Plaintiff claims there was a delay in surgical treatment for his pituitary tumor due to the cost of the treatment. (ECF No. 60 at 11)

6. Plaintiff received an MRI and surgical treatment for the tumor.

7. Plaintiff does feel the cost and delays were part of this lawsuit and was "told so".

## IV. FACTS UNADMITTED THAT WILL NOT BE CONTESTED

The following facts, though not admitted, will not be contested at trial by evidence to the contrary: NONE.

## V. CONTESTED ISSUES OF FACT TO BE TRIED AND DETERMINED UPON TRIAL

### A. PLAINTIFF'S CONTESTED FACTS

*See* Complaint.

### B. DEFENDANTS' CONTESTED FACTS

1. Whether Plaintiff has met his burden of producing evidence supporting the facts set forth above, i.e. whether he can prove that the individual defendants violated his Eighth Amendment rights?

2. Whether any form of damages is available to Plaintiff for any alleged failures?

## VI. CONTESTED ISSUES OF LAW TO BE TRIED AND DETERMINED UPON TRIAL

### A. PLAINTIFF

1. Whether or not the claim against Defendants, violates Plaintiff's Constitutional rights, and do the facts warrant a damage award?

### B. DEFENDANT

1. Did Defendant individually violate Plaintiff's constitutional rights?

2. Did Mr. Evans prove the elements of a violation of his Eighth Amendment rights? To sustain an Eighth Amendment claim based on deficient medical treatment, a Plaintiff must show that

the defendants were deliberately indifferent to the Plaintiff's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Deliberate indifference requires proof of two elements: (1) a serious medical need and (2) the defendant's deliberate indifference in response. *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Techs, Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997). The second element requires proof that the defendants knew of the excessive risk to an inmate's health and disregarded the risk. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).

A difference of opinion between an inmate and medical staff as to the appropriate medical treatment for his condition is insufficient to establish deliberate indifference as a matter of law. *See Toguchi v. Chung,* 391 F.3d 1051, 1058 (9th Cir. 2004). Likewise, a difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. *Toguchi,* 391 F.3d at 1059–60. "[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to the prisoner's health.'" *Toguchi,* 391 F.3d at 1058.

Other Courts have held likewise. Courts have held; "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment [fails to] support a claim of cruel and unusual punishment." *Harris v Thigpen,* 941 F.2d 1495 at 1505 (11th Cir. 1991); accord, e.g., *Lamb v. Norwood,* 899 F.3d 1159, 1162 (10th Cir. 2018) ("We have consistently held that prison officials do not act with deliberate indifference when they provide medical treatment even if it is subpar or different from what the inmate wants."); *Kosilek v. Spencer,* 774 F.3d 63, 82 (1st Cir. 2014) (en banc) ("[The Eighth Amendment] does not impose upon prison administrators a duty to provide care that is ideal, or of the prisoner's choosing."). See also, *King v Calderwood,* 2016 WL 4771065 (D. Nev. 2016) aff'd sub nom. *King v. Cox,* 692 F. App'x 398 (9th Cir. 2017) where District Judge Navarro granted summary judgment finding no evidence of deliberate indifference on the part of NDOC physicians for failure to treat an inmate's hepatitis condition with a specific medication.

///

///

VII. **EXHIBITS**

    A. **STIPULATED EXHIBITS AS TO AUTHENTICITY AND ADMISSIBILITY**

        1. Administrative Regulation 613

        2. Administrative Regulation 740 (March, 2017).

        3. Administrative Regulation 639

    B. **STIPULATED EXHIBITS AS TO AUTHENTICITY BUT NOT ADMISSIBILITY**

    None.

    C. **PLAINTIFF'S EXHIBITS SUBJECT TO OBJECTIONS**

        1. All records supplied *[handwritten: (Doc 147) 2nd AMENDED Complaint (J.P.O) Last Page was supposed to be added]*

        2. All Medical records *[handwritten: In (Amended) Should of been listed]*

        3. Discovery Responses from all parties. *[handwritten: Attached page list of Evidence provided as Decussed]*

        4. All documents disclosed by Defendants

    D. **DEFENDANTS' EXHIBITS SUBJECT TO OBJECTIONS**

        1. Plaintiff's Movement History Report;

        2. Plaintiff's Housing History Report;

        3. Plaintiff's Grievance file, including all relevant grievances;

        4. Certified Judgment(s) of Conviction of Plaintiff for underlying offense (only if needed for impeachment);

        5. Plaintiff's Institutional File ("I-File");

        6. Plaintiff's NDOC Central File ("C-File");

        7. Law Library Logs;

        8. Legal Mail Logs for relevant time period;

        9. Law Library Brass Slips;

        10. Plaintiff's Case Notes as maintained on the NDOC NOTIS system from 2014 to Present.

        11. All prison logs, registers, documents, or other form of data pertaining to any and all of Plaintiff's claims.

        12. Plaintiff's relevant medical records and kites.

        13. Emails relating to this issue.

1  14.  Any and all other exhibits that may support the statements of fact and law cited herein
2  and to rebut Plaintiff's statements, claims, and testimony.
3  15.  Any and all other exhibits that rebut witnesses that might be called to respond to claims
4  made by either Plaintiff or any of his proposed witnesses;

E.  **DEPOSITIONS**

1.  None.

VIII.  **WITNESSES**

A.  **PLAINTIFF'S WITNESSES:**

Plaintiff wishes to reserve the right to call the following persons:

David Mar, M.D. (NNCC) (RMF)

Marsha Johns, M.D. (NNCC) (RMF)

Ronald Santos, #46019 (NNCC)

Any other treating physicians. *[handwritten: AMENDED SNS6 Dr. Tolbert Marshal, Dr. Wolff Sienna Eye Center of Nevada, John Sutton (S.E.N.)]*

Jeramiah Parks

George Cooper

James McCallum

John Miller

Robert Spark

Country Joe Stevens

Jeffery Hosmer

Richard Milborn

John Redman

Mitch Goodrum

Steven Ohlson

B.  **DEFENDANT'S WITNESSES:**

Defendants wish to reserve the right to call the following persons:

1.  Plaintiff Todd Evans, Inmate, Northern Nevada Correctional Center;

///

Page 6

2. Marsha Johns, Defendant, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

3. David Mar, Defendant, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

4. Harold Wickham, Defendant, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

5. Joseph Benson or medical director, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

6. Theresa Wickham, Patty Smith or other Director of Nursing, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

7. Evan's outside medical providers, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

8. Nethanjah Breitenbach, Warden, NNCC, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

9. John Keast, Director of Nursing, NNCC, c/o Douglas R. Rands, Office of Attorney General, 100 N. Carson St. Carson City, Nevada 89701-4717.

10. Custodian(s) of Record for any exhibits identified above, c/o Douglas R. Rands, Office of the Attorney General, 100 N. Carson Street, Carson City, NV 89701-4717, and (775) 684-1100.

11. Any and all rebuttal witnesses that might be called to respond to claims made by either Plaintiff or any of his witnesses.

12. Any and all other witnesses that have personal knowledge supporting Defendant's statements of fact or law cited herein.

13. All witnesses identified by Plaintiff, whether or not called to testify at trial.

Plaintiff and Defendants reserve the right to interpose objections to the calling of any named witness listed above prior to or at trial.

## IX. AVAILABLE TRIAL DATES

Plaintiff and Defendants' Counsel expressly understand that the Clerk shall set the trial of this matter at the convenience of the Court's calendar. A jury has been requested.

The following are three weeks in which both parties are available:

April 2, 2024

April 15, 2024

April 29, 2024

DATED this 24th day of August, 2023.

AARON D. FORD
Attorney General

_____
Todd Evans
Plaintiff

*AMENDED PRETRIAL ORDER*

By:  /s/ Douglas R. Rands
_____
DOUGLAS R. RANDS, Bar No. 3572
Senior Deputy Attorney General

*Attorneys for Defendants*

It is ordered that Calendar Call is set for April 1, 2024, at 10:00 a.m. by video before Judge Robert C. Jones.

It is further ordered that Jury Trial is set for April 29, 2024, at 8:30 a.m. in Reno Courtroom 3 before Judge Robert C. Jones.

Dated this 28th day of August 2023.

_____
ROBERT C. JONES, U.S. DISTRICT JUDGE

EVIDENCE PROVIDED

1.) EVANS 283 PROVIDED TO COURT UNDER SEAL 1-283
2.) EVANS 283 DEF SUPP RULE 26 DISCLOSURE 1-441
3.) EVANS 283 DEF RESP TO RFPD 1-631
   AND OR ALL OTHER PRODUCED UNDER MOTION TO COMPELL
4.) DOCTORS ORDERS
5.) PROGRESSIVE NOTES
6.) DOC 2500 MEDICAL KITES SEVERE PAIN
7.) X-RAYS
8.) MRI'S
9.) BLOOD WORK
10.) URINE TEST KIDNEY ISSUES
11.) EYE DOCTORS
12.) ENDOCRINOLOGY REPORTS DR SUTTON
13.) NEUROLOGIST REPORTS DR TOLBERT
14.) NEUROLOGIST REPORTS DR DOYAL SEIZURES
15.) EVIDENCE PROVIDED AS EXHIBITS RULE 56(E)(FRCP)
   Admissible EVIDENCE REGARDING PITUITARY
16.) GRIEVANCE LIST
17.) AFFIDAVIT'S
18.) Admission & INTROGATORIES (DR MAR/DR JOHNS)
19.) STATUTES, NRS, AR'S WITHIN THE N.D.O.C.