UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TODD EVANS,

    Plaintiff

v.

JAMES DZURENDA, et al.,

    Defendants

Case No.: 3:18-cv-00283-CSD

**Order**

Re: ECF No. 194

On May 6, 2024, Plaintiff was appointed pro bono counsel, Erin M. Gettel, Esq., and John S. Delikanakis, Esq. (ECF No. 187.)

On July 15, 2024, the parties filed a stipulation for the limited reopening of discovery and to continue the trial date. (ECF No. 188.) The court held a hearing on July 26, 2024, and approved the stipulation in part. At that time, Plaintiff's counsel represented that a medical expert had been identified. The court reopened limited discovery through November 25, 2024. (ECF No. 190.)

On September 10, 2024, Plaintiff filed an *Ex Parte* Motion for Reimbursement of Expert Expenses. (ECF No. 194.)

The procedures for pro bono counsel to obtain reimbursement of expert expenses are set forth in Second Amended General Order (SAGO) 2019-07.

A pro bono attorney may apply for reimbursement, or an advance, of reasonable expert expenses not paid by the party from the District of Nevada's Attorney Admission Fund. A request for reimbursement or an advance may be made to the court's Pro Bono Committee, though its Liaison. The Pro Bono Committee may condition approval of the request subject to

availability of funds at the time of the request. A request made to the Pro Bono Committee may be made *ex parte*.

Under SAGO 2019-07, advances and/or reimbursements are generally limited to $7,500. If pro bono counsel has incurred expenses of an extraordinary nature (i.e., more than $7,500), counsel may apply to the Attorney Admission Fund of the District of Nevada for additional reimbursement. Such an application must: (1) demonstrate that the amount in excess of $7,500 is essential to effective representation of the pro bono client; (2) contain the presiding judge's determination that the extraordinary costs were reasonable and necessary; and (3) provide documentation that the client is unable to reimburse pro bono counsel for the extraordinary expenses for which reimbursement is sought.

The Attorney Admission Fund Committee will then make a recommendation as to whether to grant pro bono counsel's application for reimbursement of extraordinary costs, which will be placed on the agenda of the next quarterly judge's meeting.

Preliminarily, while SAGO 2019-07 provides that a request for reimbursement or an advance of reasonable expert expenses may be sought *ex parte* from the Pro Bono Committee, SAGO 2019-07 does not contain a provision that a request for determination from the presiding judge that the extraordinary expenses sought are reasonable and necessary may be filed *ex parte*. Plaintiff's motion was not accompanied by a motion for leave to file it under seal or an explanation of why it needed to be filed *ex parte*. *See* LR IA 7-2(b); LR IA 10-5. Therefore, the court will direct the Clerk to serve ECF No. 194 on Defendants via CM/ECF.

Next, the court interprets Plaintiff's motion as seeking a determination from the undersigned, as presiding judge, that the extraordinary costs sought are reasonable and necessary. Plaintiff's counsel has located an expert witness in neurosurgery—Dr. Ajir— who is

willing to conduct an independent review of Plaintiff's medical records, and, if necessary, draft an expert report and testify at depositions and/or trial. Dr. Ajir charges a reduced rate of $780 (per hour), charging $625 per hour for travel time, if necessary, which counsel represents is lower than other experts Plaintiff entertained.

According to pro bono counsel, Dr. Ajir's rates are likely to exceed $7,500, particularly if he has to prepare a report. Plaintiff's counsel explains the expert is necessary and essential to effective representation because without expert assistance Plaintiff would be unable to explain how the delayed MRI and resulting delay in treatment was the actual and proximate cause of his condition. To that end, Plaintiff's counsel requests an advance of $12,000 ($6,000 to retain Dr. Ajir and $6,000 for the initial invoice(s)).

The court finds the extraordinary costs sought are reasonable and necessary in light of the circumstances presented in this case. Plaintiff is an incarcerated person proceeding *in forma pauperis* on an Eighth Amendment claim relayed to an alleged delay in getting a cervical spine MRI that led to the diagnosis of Plaintiff's pituitary tumor. Expert assessment regarding whether and how any delay caused Plaintiff's damages is reasonable and necessary to present Plaintiff's case and for pro bono counsel's effective representation of Plaintiff.

This Order will be forwarded to the Attorney Admissions Fund Committee for a recommendation on whether to grant the pro bono counsel's application for reimbursement of extraordinary costs. The Order will also be forwarded to the Pro Bono Committee Liaison to determine whether to approve the request for an advance of the funds if the Attorney Admissions Fund Committee recommends that the application for extraordinary expenses be granted.

///

///

**CONCLUSION**

(1) The Clerk is directed to **SERVE** ECF No. 194 on Defendants via CM/ECF;

(2) Insofar as Plaintiff's motion requests a determination that the extraordinary costs were reasonable and necessary, the motion is **GRANTED**;

(3) The Clerk shall forward a copy of this Order to the Chair of the Attorney Admissions Fund Committee, Magistrate Judge Nancy Koppe, and to the Chairs of the District of Nevada's Pro Bono Program, District Judge Anne R. Traum and Magistrate Judge Brenda Weksler.

**IT IS SO ORDERED**.

Dated: September 11, 2024

_____
Craig S. Denney
United States Magistrate Judge