John S. Delikanakis
Nevada Bar No. 5928
Erin Gettel
Nevada Bar No. 13877
Snell & Wilmer L.L.P.
1700 South Pavilion Center Drive
Suite 700
Las Vegas, Nevada 89135
(702)-784-5200 x5329
jdelikanakis@swlaw.com
egettel@swlaw.com

*Attorney for Plaintiff Todd Evans*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Todd Evans, | Case No. 3:18-cv-00283-CSD |
|---|---|
| Plaintiff, | |
| v. | **Stipuation and Order to Continue Trial Deadlines and Stay Case for 60 Days** |
| James Dzurenda, et al., | |
| Defendants. | |

The Parties submit this stipulation to vacate the current May 12, 2025, trial date and related deadlines and to stay this case for 60 days to permit the parties to devote their resources to complete what the parties believe will be fruitful settlement discussions. The Parties enter this stipulation because:

1. On May 23, 2023, the Court denied summary judgment as to Evans's Eighth Amendment claim related to the delay in getting the cervical MRI, permitting this claim to proceed to trial. ECF No. 145.

2. In October 2023, the Parties stipulated to refer this case to Your Honor. ECF No. 173. This Court then referred this case to the pro bono program. ECF No. 176.

3.  Evans's undersigned counsel was not identified and appointed until nearly seven months later and less than one year ago, on May 6, 2024.

4.  On June 7, 2024, Defense Counsel produced all discovery conducted to date to Evans's counsel. After reviewing that discovery, Evans's Counsel believed it necessary to reopen discovery in order to: (1) request additional medical records, to the extent they exist; (2) retain an expert witness to opine about the delayed MRI, including the risks posed by and effects of the delay; (3) allow sufficient time for any rebuttal expert disclosures, expert depositions, and the deposition of a 30(b)(6) designee for the Nevada Department of Corrections.

5.  The Parties conferred, and Defense Counsel agreed that discovery should be reopened for these limited purposes. The Parties therefore filed a stipulation to reopen discovery and continue the trial dates. ECF No. 188.

6.  On July 26, 2024, the Court held a hearing on the stipulation and granted it in part: limited discovery was reopened through November 25, 2024, and trial was reset for February 10, 2025. ECF Nos. 190, 192.

7.  Evans's Counsel then subpoenaed Evans's medical providers as well as the Nevada Department of Corrections to ensure complete copies of all Evans's medical records. Evans's Counsel also retained a neurologist to review those records, as set out in more detail in the Evans's Motion for Reimbursement of Expert Expenses filed on September 10, 2024.[1]

8.  Through this expert process, Evans's Counsel learned that it was necessary to retain an ophthalmologist to opine as to whether the delayed MRI (which this Court had already found triable) and resultant delay in treatment (the removal of the pituitary tumor the MRI revealed) caused the vision problems from which Evans continues to suffer. The Parties conferred regarding this, and Defense Counsel agreed that the limited reopened discovery period should be extended for this purpose.

---

[1] ECF No. 194.

9.     The Parties therefore stipulated that the limited discovery period be extended to March 25, 2025, to allow sufficient time for: the identification and retention of an expert in ophthalmology and to permit any required examinations of Evans; expert disclosures and rebuttal expert disclosures; and expert depositions and the deposition of a 30(b)(6) designee for the Nevada Department of Corrections.

10.    On November 15, 2024, the Court held a status check and granted the Parties' request to extend the limited discovery period through March 25, 2025, and reset trial for the current date of May 12, 2025.  ECF Nos. 199, 200.

11.    On January 24, 2025, Evans disclosed two experts: (1) Dr. Ajir, a neurologist, and (2) Dr. Yiu, an ophthalmologist.

12.    On March 10, 2025, Evans deposed Defendant Dr. David Mar.

13.    On March 24, 2025, Defendants disclosed a recent eye exam for Mr. Evans.  Evans disclosed a supplemental report from Dr. Yiu the following day.

14.    Now having had the benefit of the limited discovery period and Evans's expert disclosures, the Parties have been actively engaged in fruitful settlement discussions.  However, additional time is needed to determine whether an agreement should be reached.

//

//

//

//

//

//

//

//

//

//

4922-7745-3619

15. The Parties therefore request that this action be stayed, and the May 12 trial date and related deadlines be continued, for a period of 60 days.

16. This request is made in good faith and not for purposes of delay, but because the Parties truly believe that a settlement can be reached based on the information now available.

DATED: April 9, 2025.

| Snell & Wilmer L.L.P. | Aaron D. Ford- Nevada Attorney General |
|---|---|
| By____/s/ John S. Delikanakis_____<br>John Delikanakis<br>Erin Gettel<br>*Attorneys for Plaintiff Todd Evans* | By__/s/ Douglas R. Rands_____<br>Doulas R. Rands<br>Senior Deputy Nevada Attorney General |

**ORDER**

The Jury Trial set for Monday, May 12, 2025, at 9:00 a.m. is VACATED and CONTINUED to Monday, July 14, 2025, at 9:00 a.m. in Reno Courtroom 2 before Magistrate Judge Craig S. Denney.

The Calendar Call set for Monday, April 21, 2025, at 10:00 a.m. is VACATED and CONTINUED to Monday, July 7, 2025, at 10:00 a.m. in Reno Courtroom 2 before Magistrate Judge Craig S. Denney.

IT IS SO ORDERED.

DATED: April 11, 2025.

_____
Craig S. Denney
United States Magistrate Judge

- 4 -

4922-7745-3619